UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY  R. CARIGON, #254039

        Petitioner,

                                    Civil No: 00-75567
                                    Honorable  Arthur J. Tarnow
                                    Magistrate Judge Steven D. Pepe

v.

MARY BERGHUIS,

        Respondent.

_____

**OPINION & ORDER DENYING PETITIONER'S  MOTION FOR
REHEARING & MOTION TO STAY PROCEEDINGS & JUDGMENT**

I.

      This matter is before the Court on Petitioner's "Motion for Rehearing Pursuant to L.R. 7.1(g)
to Re-examine Petitioner's Re-clarified Arguments for Reconsideration" and "Petitioner's Motion
to Stay Proceedings & Judgment." Respondent has not filed responsive pleadings.  On August 8,
2005, this Court entered a Memorandum Opinion & Order Denying Petitioner's Writ of Habeas
Corpus.  On August 23, 2005, Petitioner filed a motion requesting an extension of time in which to
file a reconsideration motion. Petitioner's request was granted on August 31, 2005.  However, before
Petitioner filed his reconsideration motion, he filed a "Notice of Appeal" with the Sixth Circuit on
September 6, 2005.  Afterwards, Petitioner filed his reconsideration motion on September 19, 2005,
which was denied on January 27, 2006.  On February 10, 2006 and on March 24, 2006, Petitioner
filed the respective rehearing and stay of proceeding motions which are  presently before the Court.
For the reasons stated, Petitioner's motions are denied.

II.

*Carigon v. Berghuis,* Case No.  00-75567

The requirement of a timely notice of appeal is mandatory and jurisdictional.  *Fed. R. App. P. 4(a); Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978). As a general rule, a notice of appeal deprives the district court of jurisdiction over the action and transfers jurisdiction to the appellate court. *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *9 Moore's Federal Practice (2d ed.)* 734-735, P 203.11. This Court must honor Petitioner's efforts to appeal the judgment of this Court.  *See Hogg v. United States*, 411 F.2d 578, 580 (6th Cir. 1969).  The problem here is that after Petitioner filed his notice of appeal, he timely filed his September 19, 2005 motion to reconsider pursuant to the extension Order. If a party files a timely post-judgment motion pursuant to Fed.R.Civ.P. 59(e), the time for appeal is tolled until the district court enters an order disposing of the motion. *Fed. R. App. P. 4(a)(4)*. Moreover, if a party files a Rule 59(e) motion, a notice of appeal filed before the disposition of that motion has no effect. *Id.; Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir.1990).

A Rule 59(e) motion is appropriate when a party seeks to "alter or amend" a judgment. *Fed. R. Civ. P. 59(e)*. The language "alter or amend" means a substantive change of mind by the court. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983).  Here, on September 19, 2005, Petitioner asked this Court to reconsider its judgment based on the district court's alleged "mistake of law." Petitioner's  motion,  however, asked this Court  to change its ruling and thus sought a substantive change of mind by the Court. *See Miller*, 709 F.2d at 527.

Because the September 19, 2005 motion to reconsider was served timely in accordance with this Court's extension Order, the Court construes it as a timely Rule 59(e) motion which  nullified the Petitioner's notice of appeal. *See  Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir.1988); *Munden*

2

*Carigon v. Berghuis,* Case No. 00-75567

*v. Ultra Alaska Associates,* 849 F.2d 383, 387 (9th Circuit 1983). Therefore, this Court had proper jurisdiction to render a decision on Petitioner's September 19, 2005 reconsideration motion; and the motion effectively nullified his notice of appeal, and revived this Court's jurisdiction. See *Fed.R.App.P. 4(a)(4); 9 J. Moore & R. Ward, Moore's Federal Practice ¶ 203.11 at 3-50* (1989); see also *Tripati,* 845 F.2d at 205-06 (9th Cir.1988). Accordingly, it is concluded that Petitioner's motion to reconsider is in effect a Rule 59(e) motion which tolled the time for filing the notice of appeal.

Further, Rule 4(a)(4), Federal Rules of Appellate Procedure, provides that a notice of appeal filed before or during the pendency of a time-tolling motion (i.e., motion for reconsideration) is a nullity and a new notice of appeal must be filed within the prescribed time calculated from the entry of the order disposing of the motion. *Griggs v. Provident Discount Co.,* 459 U.S. 56 (1982). In this case, however, instead of filing a new notice of appeal within 30 days after this Court's decision to deny reconsideration relief, Petitioner filed another time-tolling reconsideration motion and a month later filed a stay of proceedings motion. The Court will rule upon these motions for the reasons stated.

III.

Relative to Petitioner's newly filed reconsideration motion, the Court incorporates by reference the reasons expressed in the previous order denying reconsideration relief, and reiterates that Petitioner has filed a motion which presents the same issues ruled upon by the Court. Petitioner has failed to demonstrate a palpable defect by which the Court and parties have been misled. Therefore, Petitioner's reconsideration motion is denied.

3

*Carigon v. Berghuis,* Case No. 00-75567

Relative to Petitioner's stay of proceedings motion, Petitioner requests that he be permitted to exhaust state court remedies relative to his ineffective assistance of counsel claim. Essentially, Petitioner argues that although the ineffective assistance of counsel issue was procedurally defaulted, new evidence has come to light which was not presented at trial. Petitioner's pleadings indicate that his trial attorney, Walter L. Harrison, *may have* received information about an *alleged* exculpatory witness that he (Attorney Harrison) *may not have been* aware of during trial and *may not have* received information about the identity of this witness until after the trial concluded. *If* Attorney Harrison did have information about this *alleged* exculpatory witness and simply overlooked it, then he (Attorney Harrison) admittedly (through affidavit testimony) did not represent Petitioner with due diligence. Because Attorney Harrison does not have access to his file relative to Petitioner's case, he is unsure about exactly what information was turned over to him by the prosecution and when the exchange of information took place.

In order to overcome the procedural default hurdle, Petitioner's case must be extraordinary, where a constitutional error has probably resulted in the conviction of one who is *actually* innocent. *Murray v. Carrier,* 477 U.S. 478, 479-480 (1986). In such a case, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Id.* However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence of actual innocence that was not presented at trial. *Schulp v. Delo,* 513 U.S. 298, 324 (1995). Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *see also, Hillard v. United States,* 157

4

*Carigon v. Berghuis,* Case No. 00-75567

F.3d 444, 450 (6th Cir. 1998).

In this case, there has been no presentation of new reliable evidence by the Petitioner which would place this case in the category of "extraordinary." Moreover, the proposed new evidence is speculative and hypothetical.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F.3d 491, 493 (5th Cir.1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Williams v. Vaughn,* 3 F.Supp.2d 567, 576 (E.D.Pa.1998); *Parker v. Johnson,* 988 F.Supp. 1474, 1476 (N.D.Ga.1998). The AEDPA does not require a court to hold a habeas corpus petition in abeyance pending the exhaustion of new claims in state court. *Id.* Therefore, a federal district court does not abuse its discretion in dismissing a federal habeas petition without prejudice, rather than holding it in abeyance, while the petitioner's properly filed application for state post-conviction review is pending. *Brewer,* 139 F.3d at 493; *see also Parisi v. Cooper,* 961 F.Supp. 1247, 1249 (N.D.Ill.1997). Petitioner's motion is denied for two reasons.

First, Petitioner submitted his motion to stay proceedings after final judgment dismissing his habeas petition. Therefore, the Court finds that there remain no proceedings subject to a stay except for any issues regarding the time in which to file a notice of appeal. *See, Mathis v. Dretke,* 124 Fed. Appx. 865, 870 (5th Cir. 2005). A district court's ability to extend the time in which to file a notice of appeal is significantly constrained and not a relevant issue in this case in light of the fact that Petitioner now has 30 days from the date of this Order in which to file a renewed notice of

5

*Carigon v. Berghuis,* Case No. 00-75567

appeal for reasons previously stated.

Second, Petitioner has failed to allege any exceptional or unusual circumstances that would justify staying federal proceedings while Petitioner attempts to exhaust his additional ineffective assistance of counsel claim in the Michigan courts. Likewise, Petitioner has failed to demonstrate that he would be prejudiced if his petition were dismissed, which already occurred prior to the filing of this stay of proceeding motion.

IV.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion for Rehearing Pursuant to L.R. 7.1(g) to Re-examine Petitioner's Re-clarified Arguments for Reconsideration" **[Doc. #42-1]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Stay Proceedings & Judgment" **[Doc. #45-1]** is **DENIED.**

IT IS FURTHER ORDERED that since Petitioner's notice of appeal has been nullified and therefore his request for appellate review is moot. If Petitioner intends to proceed with the appeal of this matter to the Sixth Circuit, he must file within 30 days of the entry of this Order a new notice of appeal or motion for certificate of appealability in order to preserve his appellate rights.

*Carigon v. Berghuis,* Case No.  00-75567

IT IS FURTHER ORDERED that no additional motions be filed by this Petitioner with this

Court which qualify as Rule 59(e) type motions.


s/Arthur J. Tarnow

Arthur J. Tarnow

United States District Judge


Dated:  June 2, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2006, by electronic and/or ordinary mail.


s/Catherine A. Pickles

Judicial Secretary

7